UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                    Criminal No. 08-cr-31-01-SM

<u>Nicole Gennell</u>

**O R D E R**

On May 20, 2011, defendant appeared for a "probable cause" hearing under Fed. R. Crim. P. 32.1 on two alleged violations of conditions of supervision.  Defendant stipulated to probable cause on the violations.  I therefore find probable cause that defendant has violated the conditions as charged in the petition.

Defendant sought bail conditions under Rule 32.1(a)(6). The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that she will not flee and that she poses no danger to any other person or to the community.  The government did not argue that defendant was a risk of flight; the government argued that she was a danger to the community.  Based on the evidence presented at today's hearing, and for the reasons stated on the record, defendant has failed to meet her burden of persuading

1

the court that she poses no danger to any other person or to the community.

The court stated on the record its reasons for detaining defendant. Those reasons are summarized below:

- Since her release on supervision on March 10, 2009, defendant has been arrested on three separate occasions. First, on December 8, 2009, defendant was arrested for shoplifting, and was convicted on April 8, 2010. In response, rather than seeking revocation of her supervision, defendant's probation officer recommended intensifying the terms of her supervision (to include a curfew). Second, on February 11, 2011, defendant was arrested for driving while intoxicated. Defendant blew a .25 on the breath test. On February 18, 2011, defendant was convicted on that charge. In response, rather than seeking revocation of her supervised release, defendant's probation officer again recommended intensifying the terms of her supervision, and giving defendant another chance to seek rehabilitation while on supervised release. Most recently, defendant was arrested on May 14, 2011, on another driving while intoxicated charge. Defendant was arrested for driving

    while intoxicated at 8 a.m.  According to the arresting officer, defendant appeared highly intoxicated and was extremely belligerent, yelling obscenities at him during the booking process.  Defendant refused to blow and denies the allegation that she was intoxicated.  The three criminal episodes listed above are escalating in their nature and severity.  They provide strong evidence that defendant is a danger to the community.

- Defendant argued in favor of release on home detention electronic monitoring, and a parental third party custodian.  The court is not persuaded by clear and convincing evidence that defendant would abide by the conditions.  Defendant has been residing at home for the duration of her supervised release.  Her parents have not been able to control this defendant, even with assistance of a supportive probation officer and strict conditions of supervised release.  The court is not persuaded that this defendant is amenable to parental controls, increased supervision or strict bail conditions.

   The court finds that defendant did not meet her burden to show by clear and convincing evidence that her release, even on

strict conditions, would pose no danger to any other person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 23, 2011

cc: Kevin E. Sharkey, Esq.
    Terry L. Ollila, Esq.
    U.S. Marshal
    U.S. Probation